**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION**

| | |
|---|---|
| **DEBBY RHODEN,** individually and on behalf of similarly situated persons,<br><br>   Plaintiff,<br><br>   v.<br><br>**GT PIZZA, INC. d/b/a DOMINO'S PIZZA,** and **GLEN STROUD**,<br><br>   Defendants. | Case No. _____<br><br>**Jury Demanded** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. Debby Rhoden, individually and on behalf of all other similarly situated individuals, brings this action against Defendants GT Pizza, INC. and Glen Stroud (collectively "Defendants"). Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly situated individuals with minimum wages as required by the Fair Labor Standards Act ("FLSA"), the Ohio Constitution, Article II, Section 34a ("Section 34a"), and R.C. § 4113.15 (Ohio's "Prompt Pay Act").

2. Defendants own and operate numerous Domino's franchise stores in Ohio, specifically the Columbus, Ohio area.

3. Plaintiff Debby Rhoden worked for Defendants as a pizza delivery driver at their Domino's Pizza restaurant on Riverside Dr. in Columbus, Ohio.

4. Defendants have repeatedly violated the FLSA, Section 34a, and the Prompt Pay Act by failing to adequately reimburse delivery drivers for their delivery expenses, and thereby failing to pay delivery drivers the legally mandated minimum wage for all hours worked and minimum overtime rate for hours worked in excess of 40 hours per workweek.

5. Defendants maintain a policy and practice of failing to reimburse delivery drivers for costs and expenses essential to their employment, including but not limited to automobile costs, gasoline, insurance, automobile maintenance expenses, cell phone expenses, GPS expenses, and other job-related expenses, causing Plaintiff and similarly situated delivery drivers' wages to fall below minimum wage.

6. At all relevant times, Defendants have failed to take reasonable steps to ensure that delivery drivers received adequate reimbursement for their automobile and other job-related expenses.

7. All delivery drivers at the Domino's Pizza restaurants, including Plaintiff, are subject to the same or similar employment policies and practices, including policies and practices with respect to wages and out-of-pocket expenses.

8. Defendants maintain a policy and practice of underpaying their delivery drivers in violation of the FLSA, Section 34a, and the Prompt Pay Act.

9. Plaintiff brings this action on behalf of herself and similarly situated current and former delivery drivers who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b) to remedy violations of the FLSA wage and hour provisions by Defendants.

10. Plaintiff also brings this action on behalf of herself and similarly situated current and former delivery drivers in Ohio, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of Section 34a, the Prompt Pay Act, and R.C. § 2307.60

**Jurisdiction and Venue**

11. Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

12. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Ohio law claims.

13. Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants employed Plaintiff in this District, Defendants operate Domino's franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

**Parties**

14. Defendant GT Pizza, INC., is an Ohio corporation with multiple stores in Ohio.  Defendant may be served via its registered agent, Glen Stroud, who may be served at 2848 Frazell Road, Hillard, OH 43026 or wherever she may be found.

15. Defendant Glen Stroud is individually liable because, during the relevant times, she was an owner of substantial interests in Defendant, served as officer of the entity, and held managerial responsibilities and substantial control over terms and conditions of drivers' work as she held the power to hire and fire, supervised and controlled work schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursements, and maintained employment records and/or held control over employment records. she may be served at 2848 Frazell Road, Hillard, OH 43026 or wherever she may be found.

16. Plaintiff Debby Rhoden is a citizen of the United States and resides in the Southern District of Ohio. At all times relevant herein, Plaintiff was an "employee" of Defendants from approximately February 2019 to October 2019 as a delivery driver at Defendants' Domino's store located within this District. Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as "**Exhibit 1**."

### General Allegations

*Defendants' Business*

17. Defendants own and operate several Domino's franchise stores in Ohio, including stores within this District and this Division.

18. Defendants' Domino's stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendants' Pay Practices*

19.  Defendants paid its delivery drivers sub-minimum tipped wages of approximately $5.00 per hour for *all* their work time, including all time the delivery drivers spent performing non-tipped duties.

*Defendants' Flawed Reimbursement Policy*

20.   Defendants require its delivery drivers to maintain and pay for safe, legally-operable and insured automobiles when delivering pizza and other food items.

21.   Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses (collectively "automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

22.   Defendants' delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the per-delivery reimbursement equates to rates substantially below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

23.   The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

24.   During the applicable FLSA limitations period, the IRS standard business mileage reimbursement rate ranged between $.545 and $.58 per mile. Likewise, reputable companies that

study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the ("AAA"), have determined that the average cost of owning and operating a vehicle ranged between $.532 and $.571 per mile between during the same years for drivers who drive a sedan 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

25. The driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

26. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

27. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

28. Defendants fail to reasonably approximate the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage requirements.

29. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

5

*Defendants' Failure to Reasonably Reimburse Automobile
Expenses Causes Minimum Wage Violations*

30. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

31. Defendants paid Plaintiff Rhoden $9.12 per hour, and relied on a tip credit to attempt to comply with minimum wage when she performed deliveries.

32. The federal minimum wage has been $7.25 per hour since July 24, 2009.

33. During Plaintiff's employment by Defendants, the per-delivery reimbursement rate at the store where Plaintiff worked was $1.25 per delivery.

34. During her employment with Defendants, Plaintiff Rhoden experienced an average round trip delivery distance of about 10 miles per delivery.

35. Thus, during the applicable limitations period, Defendants' average effective reimbursement rate for Plaintiff Rhoden was approximately $.125 per mile ($1.25 per delivery /10 average miles per delivery).

36. During the recovery time period, the lowest IRS business mileage reimbursement rate has been $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. Using that IRS rate as a reasonable approximation of Plaintiff Rhoden's automobile expenses, every mile driven on the job decreased her net wages by approximately $.410 ($.535 - $.125) per mile. Considering Plaintiff Rhoden's estimate of approximately 10 average miles per delivery, Defendants under-reimbursed her about $4.10 per delivery ($.410 x 10 miles). During Plaintiff's employment by Defendants, Plaintiff has averaged about 2 deliveries per hour.

6

37. Thus, Plaintiff Rhoden consistently "kicked back" to Defendants $8.20 per hour ($4.10 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $0.92 ($9.12 per hour - $8.20 kickback).

38. All of Defendants' delivery drivers had similar experiences to those of Plaintiff as they were subject to the same reimbursement policy, received similar reimbursements, incurred similar automobile expenses, completed deliveries of similar distances and at similar frequencies, and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

39. Because Defendants paid its drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

40. While the amount of Defendants' actual reimbursements per delivery may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their Domino's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

41. Defendants' low reimbursement rates were a frequent complaint of Defendants' delivery drivers, which resulted in discussions with management, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

42. As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated delivery drivers, they were deprived of minimum wage and overtime wages guaranteed to them by the FLSA and Ohio law.

43. The net effect of Defendants' flawed reimbursement policy is that Defendants have willfully failed to pay federal and Ohio state minimum wage and overtime to Plaintiff and similarly situated delivery drivers at the Domino's Pizza restaurants. Defendants thereby enjoys ill-gained profits at the expense of its employees.

## Class and Collective Action Allegations

44. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

45. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

46. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

47. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

   a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;
   
   b. They have delivered pizza and food items using automobiles not owned or maintained by Defendants;
   
   c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;
   
   d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

    e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    f. They were subject to the same pay policies and practices of Defendants;

    g. They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

    h. They were reimbursed similar set amounts of automobile expenses per delivery; and,

    i. They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

48. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and as the Class Representatives of the following persons (the "Class"):

> All current and former delivery drivers employed by Defendants since the date 3 years preceding the filing of this Complaint.

49. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

50. The Class satisfies the numerosity standard as it consists of hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

51. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

9

    a. Whether Defendants failed to pay Class members the minimum wage required by Ohio law,

    b. Whether Defendants failed to reasonably reimburse Class members for using their own vehicles to deliver Defendants' pizzas and other food items,

    c. Whether Defendants' formula and / or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the Class members,

    d. Whether Defendants failed to pay Plaintiff and Class members in a timely manner as described by R.C. § 4113.15.

52. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

53. Plaintiff's claim is typical of those of the Class in that:

    a. Plaintiff and the Class have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

    b. Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendants;

    c. Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

    d. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

g. Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per delivery; and

I. Plaintiff and the Class were paid at or near Ohio minimum wage before deducting unreimbursed business expenses.

54. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class.

55. Plaintiff Rhoden is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interest of the members of the Class she seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

56. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending

over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

57. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I:  Violation of the Fair Labor Standards Act of 1938

58. Plaintiff reasserts and re-alleges the allegations set forth above.

59. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

60. Defendants are subject to the FLSA's minimum wage requirements because Defendant GT Pizza. Inc., d/b/a Domino's Pizza is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

61. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

62. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

63. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

64. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

65. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

66. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

67. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

68. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

69. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

70. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b),

together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**Count II:  Violation of Ohio Minimum Wage Law - Ohio Constitution, Article II, § 34a**

71. Plaintiff reasserts and re-alleges the allegations set forth above.

72. Defendants paid Plaintiff and the Rule 23 Class below minimum wage for the hours they worked by requiring them to cover automobile expenses and other job-related expenses.

73. Section 34a requires that employees be paid not less than minimum wages as determined by an inflation index (currently $8.15/hours) for all hours worked.

74. Because Defendants required Plaintiff and the Rule 23 Class to pay for automobile expenses and other job-related expenses out of pocket, Defendants failed to pay Plaintiff and the Rule 23 Class minimum wage.

75. By not paying Plaintiff and the Rule 23 Class at least minimum wage for each hour worked, Defendants have violated the Ohio Constitution, Article II, § 34a.

76. As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, an additional two times unpaid wages/unreimbursed expenses in damages under Section 34a, costs, and attorneys' fees.

**Count III: Untimely Payment of Wages – R.C. § 4113.15**

77. Plaintiff reasserts and re-alleges the allegations set forth above.

78. At all relevant times, Defendants were entities covered by R.C. § 4113.15, and Plaintiff and the Rule 23 Class were employees within the meaning of R.C. § 4113.15 and were not exempt from its protections.

79. R.C. § 4113.15(A) requires that Defendants pay Plaintiff and the Rule 23 Class all wages, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

80. Plaintiff and the Rule 23 Class's unpaid wages and unreimbursed expenses have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

81. In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

82. As a result of Defendants' willful violation, Plaintiff and the Rule 23 Class are entitled to unpaid wages and liquidated damages, as stated in R.C. § 4113.15.

### Count IV: Damages Pursuant to R.C. § 2307.60

83. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

84. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

85. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the Rule 23 Class have been injured as a result.

86. R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

87. As a result of Defendants' willful violations of the FLSA, Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to R.C. § 2307.60.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as

provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

*/s/ Alyson S. Beridon*
Alyson S. Beridon (0087496)
BRANSTETTER, STRANCH
 & JENNINGS, PLLC
425 Walnut Street, Suite 2315
Cincinnati, Ohio 45202
Phone: (513) 381-2224
Fax: (615) 255-5419
alysonb@bsjfirm.com


**FORESTER HAYNIE PLLC**
**Meredith Black Mathews\***
Texas Bar No. 24055180
400 N. Saint Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
(214) 346-5909 fax
www.foresterhaynie.com
\**Pro hac vice* admission pending

*Counsel for Plaintiff and the putative class*